UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RYAN HAMRICK, TIFFANY HAMRICK, DIETRICH HAMRICK, COLTON HAMRICK, <br><br> Plaintiffs, <br><br> vs. <br><br> AO EXPRESS, LLC, YOPO EXPEDITE, INC., ABDINASIR OMAR, TRIGG FREIGHT, INC., JOHN WIEBE, GDT ENTERPRISES, LTD, LAURENCE KROEKER, STATE FARM INSURANCE COMPANY, <br><br> Defendants. | 4:23-CV-04197-RAL <br><br><br> ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS <br><br> Docket No. 72 |

Plaintiffs in this matter duly noticed the deposition of a corporate representative of defendant YOPO Expedite, Inc. See Docket No. 72-1. The deposition was to have occurred on July 1, 2025. Id. No corporate representative of YOPO Expedite, Inc. appeared at the time, date and place noted in the deposition notice, although its counsel was present. Docket No. 72; Docket No. 72-2. Plaintiffs then filed a motion to compel YOPO Expedite,

Inc. to produce a corporate representative for a deposition no later than September 29, 2025.  Id.

However, plaintiffs' motion to compel was filed September 9, 2025.  Id. Under this court's local rules, YOPO had 21 days to respond to the motion, which time period ended on September 30, 2025.  DSD LR 7.1.  Thus, this court was constrained to await a response from YOPO Expedite, Inc. until at least September 30, 2025, before ruling on the motion.  Today is October 3, 2025, and defendant YOPO Expedite, Inc. has failed to respond to plaintiffs' motion.  The time for doing so has now expired.  Accordingly, it is hereby

ORDERED that YOPO Expedite, Inc. shall immediately make arrangements for the deposition of its corporate representative to take place in the manner specified in plaintiffs' notice and at a time and date convenient to plaintiffs and to YOPO Expedite, Inc.  In no case shall this deposition be held later than October 31, 2025, unless by express agreement of plaintiffs and their counsel. It is further

ORDERED that YOPO Expedite, Inc. shall pay plaintiffs' counsel their attorneys fees for attending the deposition that no one showed up for, for the time spent drafting and filing the instant motion, and for any expenses for the court reporter, videographer, or any other out of pocket expenses associated with the failed attempt to depose YOPO Expedite, Inc.'s corporate representative.  See Fed. R. Civ. P. 37(a)(1), (a)(3)(C), and (a)(5)

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections unless an extension of time for good cause is obtained. FED. R. CIV. P. 6(b)(1), 72(a). Failure to file timely objections will result in the waiver of the right to appeal this ruling. United States v. Becerra, 73 F.4th 966, 972-73 (8th Cir. 2023). Objections must be specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990).

DATED this 3rd day of October, 2025.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge